UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sukanya R. Shippy, | ) **C/A No. 7:10-0906-JMC-KFM** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Stacey L. Jefferies, | ) |
| Defendant. | ) |

This is a civil action filed by a *pro se* plaintiff. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order filed in this case on April 14, 2010, the Honorable William M. Catoe, United States Magistrate Judge, authorized service of process upon the defendant. After Magistrate Judge Catoe's retirement, the above-captioned case was reassigned to the undersigned United States Magistrate Judge.

On August 6, 2010, the Clerk of Court received a "summons returned unexecuted" from the United States Marshal. Hence, it was clear that the defendant had not been served. In an order filed in this case on August 6, 2010, the undersigned directed the plaintiff to submit a new Form USM-285 and summons providing a more accurate address for service on the defendant. The deadline for the plaintiff to provide the new

1

Form USM-285 and summons was August 30, 2010. To date, no response to the order of August 6, 2010, has been received from the plaintiff.

In the order filed on August 6, 2010, the undersigned specifically apprised the plaintiff of Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action *without prejudice* as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has held that dismissal is mandatory unless good cause is shown if a defendant is not served within 120 days. *See, e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* pursuant to Rule 4(m) for failure of service of process. The attention of the plaintiff is directed to the Notice on the next page.[1]

September 2, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[1] The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, will permanently close on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Room 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).